CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

AUG 2 3 2007

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| GREGORY ADAM NEWTON,<br>    Petitioner, | Civil Action No. 7:07-CV-00013 |
| v. | **MEMORANDUM OPINION** |
| UNITED STATES OF AMERICA,<br>    Respondent. | By: Hon. Glen E. Conrad<br>United States District Judge |

Petitioner, Gregory Adam Newton, proceeding pro se, brings this action as a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. Newton challenges the validity of his sentence of 180 months incarceration for conspiracy to distribute 50 grams or more of crack cocaine in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A), and 60 months incarceration for possession of a firearm in furtherance of a drug offense in violation of 18 U.S.C. § 924(c)(1)(A). Newton requests that his sentences be vacated, maintaining that his counsel provided ineffective assistance. Respondent has filed a motion to dismiss, petitioner has filed a timely response, and the matter is ripe for the court's consideration. For the reasons stated herein, the court will grant respondent's motion to dismiss.

## I. FACTUAL AND PROCEDURAL SUMMARY

On April 6, 2005, Newton and three other defendants were charged in a twelve-count indictment returned by a federal grand jury in the Western District of Virginia. Count One charged the defendant with conspiring to distribute 50 grams or more of a mixture of a substance containing cocaine base in violation of 21 U.S.C. § 846 and 841(b)(1)(A). Count Eleven charged the defendant with possession of a firearm in furtherance of a drug offense in violation of 18 U.S.C. § 924(c)(1)(A).

On September 7, 2005, Newton pleaded guilty to Counts One and Eleven, pursuant to the terms of a written plea agreement, wherein the United States agreed to recommend a three-level reduction under the United States Sentencing Guidelines ("guidelines") based on petitioner's acceptance of responsibility. In exchange for the reduction, Newton agreed to "waive [his] right to collaterally attack, pursuant to Title 28, United States Code, Section 2255, the judgment and any part of the sentence imposed upon [him] by the court." The court conducted a Rule 11 hearing on September 7, 2005. On January 10, 2006, petitioner received a sentence of imprisonment for 180 months as to Count One and a sentence of imprisonment for 60 months as to Count Eleven, with the terms of imprisonment to run consecutively.[1]

On January 11, 2007, petitioner filed a timely motion for relief under 28 U.S.C. § 2255, alleging the ineffective assistance of counsel on the ground that his attorney refused to object to points allocated to Newton because of his prior criminal history.[2] Respondent filed a motion to dismiss on April 17, 2006. On April 18, 2006, Newton was sent a notice directing him to file any response to respondent's motion within twenty days. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975). On May 10, 2006, Newton filed a response in opposition to the motion to dismiss. Respondent's motion to dismiss is now ripe for review.

The Court will include additional facts as necessary in its discussion.

---

[1] At the sentencing hearing, the court adopted the presentence report after neither the United States nor Newton objected to anything found within the report.

[2] In his motion for relief under 28 U.S.C. § 2255, petitioner argued also that his attorney refused to object to the calculation of his base offense level under the guidelines. However, in his response to respondent's motion to dismiss, petitioner conceded that his counsel was not ineffective in failing to object to the base offense level calculation, and moved to withdraw the claim. Accordingly, the court will not address the merits of that claim.

2

## II. ANALYSIS

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can presume that a defendant stands fairly and finally convicted. See United States v. Frady, 456 U.S. 152, 164 (1982). However, prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. Section 2255 cures jurisdictional errors, constitutional violations, proceedings that resulted in a "complete miscarriage of justice," or events that were "inconsistent with the rudimentary demands of fair procedure." United States v. Timmreck, 441 U.S. 780, 784 (1979).

The United States Court of Appeals for the Fourth Circuit has held that a waiver of collateral-attack rights is valid as long as the waiver is knowingly and voluntarily made. United States v. Lemaster, 403 F.3d 216, 220 (4th Cir. 2005). The determination of whether a waiver is knowing and voluntary depends "upon the particular facts and circumstances surrounding the case, including the background, experience and conduct of the accused." United States v. Davis, 954 F.2d 182, 186 (4th Cir. 1992). The Court of Appeals has emphasized that "a defendant's solemn declarations in open court affirming [a plea] agreement . . . 'carry a strong presumption of verity.'" United States v. White, 366 F.3d 291, 295 (4th Cir. 2004) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1977)). Thus, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" Lemaster, 403 F.3d at 221 (quoting Crawford v. United States, 519 F.2d 347, 350 (4th Cir. 1975)). If a district court determines that a petitioner knowingly and voluntarily waived his collateral-attack rights, and that the petitioner's

3

claims fall within the scope of that waiver, the court must dismiss the § 2255 motion without addressing the merits of those claims. Id. at 222.

The court agrees with respondent that Newton knowingly and voluntarily waived his right to collaterally attack his conviction and sentence. Newton initialed or signed every page of the plea agreement, including the page containing the waiver of collateral-attack rights. By signing the plea agreement, Newton affirmed that he had read the plea agreement, carefully reviewed every part of the agreement with his attorney, understood the agreement, and was voluntarily agreeing to its terms.[3] However, within Newton's plea agreement, he specifically agreed to "waive any right to contest the conviction or the sentence in any post-conviction proceeding including any proceeding under 28 U.S.C. § 2255 excepting an appeal or motion based upon grounds of ineffective assistance of counsel." Because Newton's claims of ineffective assistance of counsel at sentencing do not bear on the validity of the guilty plea or the plea agreement waiver of § 2255 rights, those claims are barred by the waiver. See Lemaster, 403 F.3d at 220 (if the waiver of collateral-attack rights was knowing and voluntary, petitioner cannot challenge his conviction or sentence in a § 2255 motion unless, id. at n. 2, the sentence was "imposed in excess of the maximum penalty provided by statute or based on a constitutionally impermissible factor such as race" or the defendant was "wholly deprived of counsel during his sentencing proceedings").

---

[3] A review of the transcript of petitioner's plea hearing reveals that he affirmed that he understood the agreement, and that he knew that he was "waiving [his] right to appeal any sentencing guideline issues or to file a suit at any time after [he was] sentenced to challenge either [his] conviction, the finding of guilt[,] or the sentence that's imposed." Petitioner also testified that he was satisfied with his attorney, that his attorney's assistance had been effective, and that he was voluntarily agreeing to the plea agreement's terms. Newton's testimony at the plea hearing conclusively establishes that he understood the terms of the plea agreement, including the waiver of collateral-attack rights, and that his guilty plea was made knowingly and voluntarily. Consequently, the court concludes that the waiver of collateral-attack rights is valid and enforceable.

4

Even assuming arguendo that petitioner's claims are excepted from the waiver, the court finds that his claims of ineffective assistance of counsel at sentencing are without merit. The Sixth Amendment requires that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence," U.S. CONST. AMEND. VI, and that such assistance be effective, see Strickland v. Washington, 466 U.S. 668, 686 (1984). In order to establish a claim for ineffective assistance of counsel, Newton must demonstrate "that counsel's performance was deficient" and that "the deficient performance prejudiced the defense." Id. at 687. To demonstrate inadequate performance, Newton "must show that counsel's representation fell below an objective standard of reasonableness" measured by "prevailing professional norms." Id. at 688. To demonstrate prejudice, Newton "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694.

Newton alleges ineffective assistance of counsel stemming from his attorney's refusal to object to points allocated to Newton because of his prior criminal history, pursuant to the guidelines. Specifically, Newton argues that his attorney rendered ineffective assistance by not objecting to paragraphs 35 and 36 of the presentence report.[4] These paragraphs detail two prior criminal

---

[4] With its motion to dismiss, respondent has submitted an affidavit from petitioner's counsel in his criminal case, R. Darren Bostic, Esq. Regarding the failure to object to petitioner's criminal history category, Mr. Bostic states:

> I reviewed the criminal history of Mr. Newton and with respect to the 2 points added for each conviction under paragraph 35 and 36 of the Pre-Sentence Report, I had viewed those as separate unrelated events, and therefore the 2 points for each would have be [sic] appropriate.
> I have now further reviewed those 2 points and believe I was in error. After further reviewing § 4A1.2 Application Note 3, I should have filed an objection to the additional 2 points added under paragraph 36.

Mr. Bostic's revised opinion notwithstanding, the court agrees with the United States, for the reasons stated herein, that he was justified in not objecting to petitioner's criminal history score.

5

convictions. The first offense, described in paragraph 35 of the Report, resulted from Newton's conviction for possession of a stolen vehicle. Newton possessed a 1987 Buick Park Avenue, which belonged to Rasoul Behboud, and which Newton knew had been stolen. The crime of possession of a stolen vehicle was committed in North Carolina on July 11, 2001. The second offense, described in paragraph 36 of the Report, resulted from Newton's conviction for larceny of a vehicle. Newton was convicted of stealing a 1985 Ford van belonging to Salvador Osorio Flores. The larceny was committed in North Carolina on October 1, 2001. Newton was sentenced for both convictions on January 21, 2003. The issue petitioner raises is whether factually unrelated offenses made to run concurrent in one sentencing proceeding, in the absence of joinder of charges or a formal consolidation order, renders the offenses "related" for purposes of calculating a defendant's criminal history score. See U.S.S.G. § 4A1.2(a)(2), comment. n. 3.

Under the guidelines, in the process of determining a defendant's criminal history category, a district court must add three criminal history points for "each prior sentence of imprisonment exceeding one year and one month." United States v. Allen, 50 F.3d 294, 296 (4th Cir. 1995) (citing U.S.S.G. § 4A1.1(a)). "Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence . . . ." Id. (citing U.S.S.G. § 4A1.2(a)(2)). Application Note 3 of U.S.S.G. § 4A1.2 defines prior sentences imposed in related cases as those sentences that "resulted from offenses that (1) occurred on the same occasion, (2) were part of a single common scheme or plan, or (3) were consolidated for trial or sentencing." Newton does not contend that the two prior offenses occurred on the same occasion or were part of a single

6

common scheme or plan.[5] The issue turns, therefore, on the third element, whether the convictions were consolidated for trial or sentencing.

The guidelines do not provide a definition of "consolidated" as that term is used in the Application Note. In Allen, the United States Court of Appeals for the Fourth Circuit considered United States v. Lopez, 961 F.2d 384, 387 (2nd Cir. 1992), which held that, in the absence of a consolidation order, "the imposition of concurrent sentences at the same time by the same judge does not establish that the cases were 'consolidated for sentencing,' and were therefore 'related' under U.S.S.G. § 4A1.2(a)(2), unless there exists a close factual relationship between the underlying convictions." Allen, 50 F.3d at 296-98. The Allen Court also considered United States v. Metcalf, 898 F.2d 43, 45 (5th Cir. 1990), which held that concurrent sentences for offenses one year apart are unrelated in the absence of factual similarity or a consolidation order. Allen, 50 F.3d at 296-98; accord, United States v. Paulk, 917 F.2d 879 (5th Cir. 1990); United States v. Lewchuk, 958 F.2d 246 (8th Cir. 1992).

The Allen Court looked also to United States v. Gross, 897 F.2d 414, 417 (9th Cir. 1990), which held that single sentencing proceedings where concurrent sentences are imposed, without more, do not render cases related under the guidelines. In Allen, the Court of Appeals observed that

---

[5] Moreover, the only factual relationship between the two offenses was that both crimes were committed in North Carolina by Newton and both involved a stolen vehicle. The two crimes were committed three months apart, the victims of the crimes were two separate individuals, the vehicles involved were two separate vehicles, and the two separate crimes for which Newton was convicted – possession of a stolen vehicle and larceny of a vehicle – involve different elements. See Allen, 50 F.3d at 299 (affirming district court ruling that previous state sentences, both imposed on December 7, 1987, for an attempted breaking and entering occurring on September 7, 1986, and a theft of over three-hundred dollars occurring on January 13, 1987, were not related, stating: "The district court properly treated as separate offenses Allen's two prior convictions which occurred approximately four months apart, and which were separated by elements of time and place."). Here, Newton's crimes of possession of a stolen vehicle and larceny of a vehicle occurred approximately three months apart. Additionally, there is absolutely no evidence suggesting that the two offenses were part of a single common scheme or plan that would warrant them being treated as related offenses under the guidelines.

7

> [t]o read into the plain meaning of the statute the inference of the application note that every time a defendant is sentenced at a single hearing for multiple convictions those convictions are related would defeat both the intent of the statute and the public policy concerns over haphazard dispensation of justice. A defendant convicted of multiple unrelated offenses who fortuitously is sentenced for all offenses by one judge at one time would subsequently face less punishment when his points are totaled than another defendant who committed the same crimes but was separately sentenced on successive days or on the same day by different judges.

50 F.3d at 297 (citing Gross, 897 F.2d at 417).

In United States v. Rivers, 929 F.2d 136, 140 (4th Cir. 1991), the Court quoted Gross in the course of rejecting the contention that two armed robbery sentences were related. Both robberies were committed to support the defendant's drug habit but occurred on different occasions; the charges were not consolidated for trial or sentencing and one sentencing judge handed down a partially concurrent sentence for one of the offenses. Id. The court held that concurrent sentences alone do not render offenses related. Id.

Following Rivers, the Allen court applied Gross to U.S.S.G. §§ 4A1.1-.2. Allen, 50 F.3d at 297 ("[f]ollowing Rivers, we believe the reasoning in Gross is persuasive when applying U.S.S.G. §§ 4A1.1-.2 to sentences for prior offenses that were not subject to a formal order of consolidation"); see also Lopez, 961 F.2d at 387 (citing Gross and holding that absence of a formal consolidation order requires offenses to be factually related); Metcalf, 898 F.2d at 45-46 (citing Gross and requiring formal consolidation order).

Reading Application Note 3 in a way that is most consistent with the Sentencing Reform Act and §§ 4A1.1-.2 of the guidelines, this court concludes that, for prior offenses to be deemed "related," there must exist either a factual relationship between the prior offenses or a consolidation order. The Application Note must be read in light of the Sentencing Commission's mandate to

8

provide "reasonable uniformity in sentencing," U.S.S.G. Ch.1, Pt.A, and in light of the policies behind 28 U.S.C. § 994(I), which requires the Sentencing Commission to "assure that the guidelines specify a sentence to a substantial term of imprisonment [where] the defendant . . . has a history of two or more prior . . . felony convictions for offenses committed on different occasions. . . ." See Rivers, 929 F.2d at 140 (citing United States v. Flores, 875 F.2d 1110, 1114 (5th Cir. 1989)). Requiring formal consolidation is most consistent with these policies. By requiring formal consolidation, in most instances offenses that are "consolidated for trial or sentencing" within the meaning of the Application Note will have some relationship to each other beyond the happenstance of simultaneous sentencing. The court observes that offenses cannot be consolidated for one trial where they could not have been brought together in one indictment, consistent with due process and the Federal Rules of Criminal Procedure relating to joinder.[6]

Because Newton's prior convictions are unrelated, he was not prejudiced by the omission of an objection to paragraphs 35 and 36 of the presentence report, detailing his two prior criminal convictions. Newton's claim of ineffective assistance of counsel based on his attorney's refusal to lodge an objection to paragraphs 35 and 36 of the presentence report fails under Strickland, 466 U.S. at 687, because counsel's failure to lodge an unfounded objection was not deficient and Newton suffered no prejudice from the omission.

---

[6] Rule 8 of the Federal Rules of Criminal Procedure sets out the requirements for joining offenses for trial and is representative of state procedure in this regard. The rule provides that joinder in the same indictment or information is permitted where two or more offenses "are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan." Fed. R. Crim. P. 8(a). The same principles apply to a trial court's decision to consolidate charges for trial. Where "two or more offenses" have thus been joined for trial, either in an indictment or in a consolidation order, and a defendant pleads guilty, then the defendant usually will be sentenced for the offenses in one proceeding. Such cases are "consolidated for . . . sentencing" within the meaning of the Application Note. In any case, concerns about sentencing equity that may lead a court to consolidate cases informally and impose concurrent sentences do not make unrelated cases related. Allen, 50 F.3d at 298.

9

### III. CONCLUSION

Newton's claim that his attorney rendered ineffective assistance of counsel by refusing to object to the calculation of allegedly related prior convictions fails to satisfy the requirements of Strickland, 466 U.S. at 687. For the foregoing reasons, the court will grant respondent's motion to dismiss. An appropriate order will be entered this day.

ENTER: This 22<sup>d</sup> day of August, 2007.

_____
United States District Judge